IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| TONYA CREDIT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:23-CV-182 |
| § | |
| ALTUS HOSPICE *et al.*, § | |
| § | |
| *Defendants*. § | |

**REPORT AND RECOMMENDATION ON DEFENDANTS
"OTHER UNNAMED RELATED ALTUS HOSPICE ENTITIES" AND CARE
HOSPICE, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Doc. #21)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. See 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72. Pending before the court is Defendants "Other Unnamed Related Altus Hospice Entities" (hereinafter "Unnamed Altus Entities") and Care Hospice, Inc's Motion to Dismiss Pursuant to Rule 12(b)(6). (Doc. #21.) After review, the undersigned recommends (1) denying the motion as to Defendant Care Hospice Inc., and (2) conditionally granting the motion as to Unnamed Altus Entities subject to Plaintiff's filing of amended complaint naming proper Altus entities on or before the deadline to add parties without leave of court.

**I.     Background**

Plaintiff is an African American woman and a Certified Nurse Aide. (Doc. #1 at 6.) According to her complaint, Plaintiff worked as a hospice home healthcare provider for an entity she knew to be Defendant Altus Hospice. (*Id.* at 7.) On April 9, 2019, Plaintiff alleges two patients

and a patient's family member made derogatory and racist comments that were "sufficiently intimidating and offensive to cause [Plaintiff] concern for her safety." (*Id.* at 9-10.) Plaintiff contends she promptly reported the comments to the patients' respective case managers in accordance with Altus policy, after which she drove to Houston to further discuss the discriminatory comments with Altus Management including Defendant Meredith, the Executive Administrator. (*Id.* at 11.) Defendant Altus Hospice allegedly decreased Plaintiff's caseload because of these reports.

Plaintiff contends Defendant Altus Hospice was bought out by Defendant Care Hospice on October 25, 2019. (*Id.* at 15.) That same day, Defendant Merridith Harrison allegedly called Plaintiff and "told her that Altus was terminating her," while "[t]he vast majority of Altus management and CNAs" would continue to be employed by Care Hospice. (*Id.*) Arguing that her termination was a result of discrimination and retaliation, Plaintiff filed suit on October 13, 2023, under 42 U.S.C. §1981. Relevant to this motion, Plaintiff alleges Altus Hospice is a complex web of entities and that, at all pertinent times to the lawsuit, she was employed by Defendants Altus Hospice, Altus Hospice of North Houston, L.P., ZT Employment Services, LLC, Noble Hospice GP, LLC, and "[o]ther entities managed or directed by Taseer Bader either directly or indirectly though other entities." (*Id.* at 6-7.)

On February 29, 2024, Defendants Unnamed Altus Entities and Care Hospice, Inc. filed a joint Motion to Dismiss pursuant to Rule 12(b)(6). (Doc. #21.) The Unnamed Altus Entities contends Plaintiff made no allegations against them in her complaint. (*Id.* at 3-4.) Defendant Care Hospice argues that it never employed Plaintiff for the purposes of a §1981 claim. (*Id.* at 4-5.) A response and reply have been filed. (Docs. #27, #31.) The matter is now ripe for review.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, LLC, 589 F.3d 196, 209 (5th Cir. 2009).

**III.     Discussion**

   A. <u>Unnamed Altus Entities</u>

Unnamed Altus Entities asks the court to grant the motion to dismiss because no specific allegations are made against them in the complaint.[1] (Doc. #21 at 3-4.)  Plaintiff responds that her complaint "plainly indicates that Defendant Altus consists of a complex web of different affiliated corporate business entities with common management" which may have an employer-employee relationship with Plaintiff.  (Doc. #27 at 3.)  Additionally, Plaintiff notes the importance of discovery in determining which Altus entities may be liable in the instant suit.  (*Id.* at 5.)  Defendant replies that §1981 claims require an actual employment relationship between the parties, and that the only proper Defendant is Altus Hospice who directly employed Plaintiff. (Doc. #31 at 3.)

While Defendant may ultimately be correct, the undersigned finds that at this stage of litigation that Plaintiff should have an opportunity to develop its allegation that a "complex web of affiliated entities, both expressly named and unnamed" employed Plaintiff at pertinent times, and that this employment ended in discriminatory retaliation and termination cognizable under §1981.  (Doc. #1 at 3, 7.)  Whether that allegation turns out to be supported by evidence is unclear at this time.  The undersigned finds it appropriate for Plaintiff to finish any pending discovery on which Unnamed Altus Entities may have had an employment relationship with Plaintiff.[2]

The undersigned, therefore, recommends conditionally granting the motion as to Unnamed Altus Entities with the following caveats.  If a proper party was or is discovered, Plaintiff should

---

[1] As a threshold matter, the undersigned notes that courts in the Fifth Circuit have allowed counsel for named defendants to represent placeholder defendants where a relationship is evidently clear. *See, e.g.*, *Taylor v. City of Winnfield*, 191 F.R.D. 511, 514 (W.D. La. 2000) (ruling on county's motion for placeholder John Doe Defendants representing potential county police officers).  Here, Unnamed Altus Entities evidently have a relationship with Altus Hospice.

[2] At the case management conference on February 8, 2024, the parties informed the court that there was at that time active discussions about discovery as to the management structure of Altus entities.

file an amended complaint substituting the named party for the previously unnamed Altus entity by the add-party deadline of June 29, 2024.  (Doc. #29 at 1.)  If no such entity is named or Plaintiff fails to timely file an amended complaint, claims against any Unnamed Altus Entities should be dismissed from this action.

This Report and Recommendation should not be construed to suggest that any claims against Unnamed Altus Entities should automatically be considered timely or are otherwise merited.  *See generally Taylor*, 191 F.R.D. at 514 (dismissing John Doe defendants for lack of timely service); *Kennemer v. Denton Cnty.*, No. 420CV00080RASCAN, 2023 WL 2584924, at *4 (E.D. Tex. Mar. 1, 2023), *R&R adopted*, No. 4:20-CV-80, 2023 WL 2574569 (E.D. Tex. Mar. 20, 2023) (dismissing John Doe defendants based on the merits of an Eighth Amendment claim); *Rogers v. Buchanan*, No. 3:12-CV-2458-M-BN, 2015 WL 5772203, at *5 (N.D. Tex. Aug. 4, 2015), *R&R adopted*, No. 3:12-CV-2458-M-BN, 2015 WL 5771926 (N.D. Tex. Sept. 30, 2015) (noting equitable tolling does not automatically apply when a previous unknown Defendant is identified).

### B.  Defendant Care Hospice

Defendant Care Hospice moves for dismissal on the grounds that it had no employment relationship with Plaintiff at the times in question.  (Doc. #21 at 5.)  Plaintiff argues Defendant Hospice Care bought out her former employer, Defendant Altus Hospice, therefore incurring successor liability.  (Doc. #27 at 5.)  After review of the applicable case, the undersigned finds that the Plaintiff sufficiently pled that Defendant Care Hospice is liable under a successor liability theory, and that the merits of such a claim are better addressed with evidence and a motion for summary judgment.  *See, e.g.*, *Stuntz v. Ashland Elastomers*, LLC, No. 1:14-CV-00173-MAC, 2018 WL 5091625, at *3-6 (E.D. Tex. Sept. 21, 2018), *R&R adopted*, No. 1:14-CV-00173-MAC,

2018 WL 5091897 (E.D. Tex. Oct. 17, 2018) (addressing the issue of successor liability at the summary judgment stage).

## IV.     Conclusion

The undersigned finds that Plaintiff has not alleged any individual Unnamed Altus Entity had a sufficient relationship with Plaintiff for §1981 purposes but has raised an important fact question about Altus's corporate structure in relation to which entities had an employer-employee relationship with Plaintiff.  Plaintiff should be allowed to complete any pending discovery on this narrow topic before claims against Unnamed Altus Entities are outright dismissed.  If a proper party was or is discovered, Plaintiff must file an amended complaint substituting the named party for the previously unnamed Altus entity by the add-party deadline of June 29, 2024.  Any added party may file its own motion for appropriate relief.  The undersigned also finds that Plaintiff properly pled a §1981 claim against Defendant Hospice Care under a successor liability theory.

## V.     Recommendation

Defendants' Motion to Dismiss (doc. #21) should, therefore, be **conditionally GRANTED** as to Defendant Unnamed Altus Entities subject to Plaintiff's filing of an amended complaint substituting a named entity for Defendant Unnamed Altus Entities by the add-party deadline, and **DENIED** as to Defendant Care Hospice.

## VI.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, objections are limited to **eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 5th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE