IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TONYA CREDIT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:23-CV-182 |
| | § | |
| ALTUS HOSPICE *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER PARTIALLY
ADOPTING THE REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE [Dkt. 34] SUBJECT TO MODIFICATIONS**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

Pending before the Court is Defendants' Motion to Dismiss [Dkt. 21]. On June 5, 2024, Judge Stetson issued a Report and Recommendation [Dkt. 34] with the following conclusions and recommendations: (1) the motion should be conditionally granted as to Defendant Unnamed Altus Entities subject to Plaintiff's filing of an amended complaint by the June 29, 2024, add-party deadline, and (2) the motion should be denied as to Defendant Care Hospice as Plaintiff sufficiently pled §1981 claims under a successor liability theory. Defendant Care Hospice filed objections [Dkt. 37] to the Report and Recommendation, and Plaintiff filed an Unopposed Motion [Dkt. 38] to extend their window to add any previously unnamed Altus Entity to this action. After review,

the Court partially adopts the Report and Recommendation with the modifications described herein.

## I. Plaintiffs' Objections to the Report and Recommendation

### A. Legal Standard

Defendant Care Hospice filed timely objections [Dkt. 37] to the Report and Recommendation [Dkt. 34]. A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### B. Discussion

Defendant Care respectfully argues that the Magistrate Judge erred in finding Plaintiff sufficiently pled Care was potentially liable under a successor liability theory and leaving the issue to be determined by a future motion for summary judgment.[1] Citing *Gross v. PPM Contractors*, Defendant Care correctly notes that liability from a selling entity can be passed onto a buying entity when (1) the successor expressly or impliedly assumes the obligations of the predecessor,

---

[1] In its objections, Defendant Care also outlines why it is not subject to liability under §1981's "essentially the same" test that determines when a third-party is functionally an employer [Dkt. 37 at 3-5]. While Judge Stetson did not analyze this test in the Report and Recommendation, the Court notes that at least two cases Defendant Care cites take up the issue of whether entities are "essentially the same" at the summary judgment stage [*Id.*].

(2) the successor is a mere continuation of the predecessor, or (3) the transaction was entered into to escape liability." *Gross v. PPM Contractors, Inc.*, 2004 U.S. Dist. LEXIS 25714, at *5 (E.D. La. Dec. 6, 2004). Defendant is likewise correct in noting that to plead successor liability, a plaintiff,

> must plead facts that enable the court to analyze the following elements: (1) whether there is substantial continuity between the business operations of the successor and the predecessor; (2) whether the successor had notice of potential liability when it acquired the relevant assets; (3) whether the predecessor is able to provide relief directly; and (4) whether the overall equities support the imposition of successor liability.

*Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 944 (N.D. Tex. 2014).

Here, the Court finds that Plaintiff pleads facts implicating successor liability as related to Defendant Care. According to the complaint, Defendant Altus bought out Defendant Care, the management structure of the Altus network remained the same, most managers throughout the web of subsidies remained the same, and employees were kept on during the transition to Defendant Care [Dkt. 1 at ¶¶11, 49, 50]. The Court finds, however, that Plaintiff did not clearly plead what theory of successor liability she claims applies to Defendant Care.

As Defendants have already agreed to Plaintiff amending her complaint to name previously unnamed Altus entities, the Court finds it appropriate to allow Plaintiff to amend her complaint regarding the issue of successor liability as well. To the extent Plaintiff wishes to pursue claims against Defendant Care, she should, in the same amended complaint discussed *infra*, plead what theory of successor liability she alleges applies to Defendant Care, as well as the requisite factual allegations.

## II.    Plaintiff's Motion to Amend the Report and Recommendation [Dkt. 38]

Plaintiff filed an unopposed motion to amend Judge Stetson's Report and Recommendation by extending the deadline to identify any currently Unnamed Altus Entities to a date "up to and

including" September 20, 2024. Rather than having the Report and Recommendation formally amended, the Court may adopt the Report and Recommendation subject to a modification. *See, e.g.*, *Eckiss v. Skinner*, No. 4:22-CV-258-S, 2024 WL 1151756 (E.D. Tex. Mar. 15, 2024). Here, the Court finds a shorter extension to be appropriate. The Court therefore modifies the deadline to name previously Unnamed Altus Entities set forth in the Report and Recommendation to August 30, 2024.

### III. Conclusion and Order

Defendants' Motion to Dismiss [Dkt. 21] is, therefore, **conditionally GRANTED** subject to Plaintiff's filing of an amended complaint by **August 30, 2024**, that (1) substitutes a named entity or entities for Defendant Unnamed Altus Entities, and (2) properly pleads successor liability claims against Defendant Care Hospice.

**SIGNED this 2nd day of July, 2024.**

Michael J. Truncale
United States District Judge

4